**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**
**9**
**10**
**11**
**12**
**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**
**26**
**27**
**28**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:14-CV-310-JLQ |
| | ) |
| vs. | ) Final Order of Forfeiture |
| | ) |
| 4104 SOUTH GARFIELD STREET, | ) |
| SPOKANE, WASHINGTON, | ) |
| TOGETHER WITH ALL | ) |
| APPURTENANCES,  FIXTURES, | ) |
| ATTACHMENTS AND | ) |
| IMPROVEMENTS THERETO AND | ) |
| THEREUPON, | ) |
| Defendant. | ) |

BEFORE THE COURT is the Government's Motion for Entry of Final Order of Forfeiture (ECF No. 39).   Plaintiff, United States of America (hereafter "Government"), alleged in a Verified Complaint for Forfeiture <u>In Rem</u>, filed September 19, 2014, that the Defendant real property and bank accounts were subject to forfeiture to the United States pursuant to 21 U.S.C. §  881.  (ECF No. 1).  This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is proper pursuant to 28 U.S.C. § 1395.

The Government is no longer seeking forfeiture of the Defendant bank accounts. The Government states the funds were returned to Todd Lutz per mutual agreement.

The Defendant property being forfeited is described as follows:

<u>REAL PROPERTY</u>

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 4104 South Garfield Street, Spokane, Washington, legally described as follows:

Lot 1 and the North 10 feet of Lot 2 in Block 6 of Merritt Park Addition, according to plat recorded in Volume "I" of Plats, Page 19, in the City and County of Spokane, State of Washington.

Parcel #35324.2201.

The Government represents that Spokane County Auditor's Office real property records list Todd R. Lutz as the owner of the Defendant real property.

On October 9, 2014, Todd Lutz filed an Answer and a Claim. (ECF Nos. 3 and 4). On April 30, 2015, Claimant, Todd Lutz, filed a Notice of Claimant's Rule 41 Voluntary Dismissal of Claim to Real Property. (ECF No. 25). On May 8, 2015, the Court filed an Order Re: Notice of Voluntary Dismissal (ECF No. 26) directing the Government to file a response to the Notice. On May 11, 2015, the Government filed a Response to the Court's Order indicating that the Government is no longer seeking forfeiture of the Defendant funds and said funds would be returned to Claimant upon entry of the final order of forfeiture in this case. The Government also indicated that it did not intend to dismiss and would proceed with the civil forfeiture action pending against the Defendant real property. (ECF No. 27).

On July 16, 2015, in response to the Court's Order (ECF No. 33) dated July 7, 2015, the Government indicated that its motion for final order of forfeiture would be delayed pending claims of two additional potential claimants and that it would direct the United States Marshals Service to provide necessary forms and paperwork to Attorney Jeffrey Finer in order to facilitate the return of the funds. (ECF No. 35). On or about August 5, 2015, the Government was notified by the U.S. Marshals service that the funds had been returned to Todd Lutz's attorney, Jeffrey Finer, on August 4, 2015. On August 28, 2015, Mr. Finer contacted FSA Paralegal Darcy Markham via telephone to inform her that Michelle Lutz had vacated the Defendant real property. Ms. Markham confirmed the return of funds with Mr. Finer during that conversation. Based on the foregoing, Todd Lutz's, claims and/or potential interests have been

resolved by the voluntary dismissal and withdrawal of his claim to the real property filed herein on April 30, 2015, and his receipt of the funds as agreed.

On December 3, 2014, the United States Marshals Service posted notice of this forfeiture action, and the Complaint for Forfeiture In Rem, and Amended Lis Pendens on the Defendant real property, as outlined in the USM 285 filed herein on December 4, 2014.  In addition, occupant Michelle Lutz was also personally served. (ECF No. 10).  To date no claim has been received from or filed by Michelle Lutz and she has vacated the property. On December 10, 2014, the United States Marshals Service returned the executed warrant of arrest in rem, which was served on the Defendant funds. (ECF No. 19).

Notice of Civil Forfeiture Action was posted on the official government website beginning April 24, through May 23, 2015, as required by Rule G(4)(a)(iv)© of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as evidenced by the Notice of Publication filed herein on June 8, 2015. (ECF Nos. 29, 29-1 and 29 -2).  The Government represents that the claim period expired no later than June 23, 2015.

On or about June 8, 2015, Midland Funding, LLC, was served in care of Attorney Galen L. Ryan, via certified mail, return receipt requested, with a copy of the Verified Complaint for Forfeiture In Rem, the Amended Lis Pendens, and the Notice of Complaint for Forfeiture. (ECF No. 31 and 31-1).  Based upon the June 8, 2015 service date, the Government represents the claim deadline was July 13, 2015.  To date, the Government represents it has not received a claim from Midland Funding, nor has one been filed.  On July 16, 2015 the Government filed and served a Notice of Intent to Move for Entry of Default upon Midland Funding, LLC, in care of Attorney Galen L. Ryan. (ECF No.  34).  On August 7, 2015 the United States filed and served its Motion for Entry of Default upon Midland Funding, LLC, in care of Attorney Galen L Ryan. (ECF No. 36). On August 11, 2015 a Clerk's Order of Default was entered against Midland Funding LLC.  (ECF No.  37).

On or about June 8, 2015, the Office of Support Enforcement was served via certified mail, return receipt requested, with a copy of the Verified Complaint for Forfeiture In Rem, the Amended Lis Pendens, and the Notice of Complaint for Forfeiture (ECF No. 30 and 30-1) at the address listed on the Notice of Lien recorded in Spokane County.  On or about June 15, 2015 the mailing was returned to the United States Attorney's office with a sticker indicating "Box Closed".  The Government states that on or about June 15, 2015, FSA Paralegal Darcy Markham contacted the Office of Support Enforcement for a valid service address. On or about June 15, 2015 the Office of Support Enforcement DCS-Special Collections Unit was served via certified mail, return receipt requested, with a copy of the Verified Complaint for Forfeiture In Rem, the Amended Lis Pendens, and the Notice of Complaint for Forfeiture.  On June 22, 2015, the United States Attorney's Office received the return receipt "green card".   Based upon the June 15, 2015 service date, the claim deadline was July 20, 2015.  On September 1, 2015, the United States and the Department of Social & Health Services, Division of Child Support (DCS) filed a Settlement Agreement and Stipulation for Forfeiture, regarding payment of DCS's lien for past-due child support. (ECF No. 38).

It appears to the Court that any and all potential claimant interests in the Defendant real property have been resolved as follows:

1)    The bank account funds totaling approximately $12,211.39 as described in the Complaint were returned to Todd Lutz per mutual agreement and Todd Lutz's claim to the Defendant real property was withdrawn; therefore, he has no interest in the Defendant real property;

2)    On August 11, 2015 a Clerk's Order of Default was entered against Midland Funding, LLC. (ECF No. 37).

3)    On September 1, 2015 the United States and Claimant DCS entered into a Settlement Agreement and Stipulation for Forfeiture acknowledging DCS's interest in the Defendant real property by virtue of its recorded Notice and Statement of Lien.

The Government agreed that upon forfeiture and sale of the Defendant real property, it will direct the United States Marshals Service to remit the current past-due child support amounts due and owing to DCS. (ECF No. 38, ¶ 6).

It also appears to the Court that no other timely claims have been made to the defendant real property;

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. The Government's Motion (ECF No. 39) is **GRANTED**.  The defendant real property is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

2. The United States Marshals Service shall dispose of the forfeited property in accordance with law.

3. Upon sale of the Defendant real property, the United States Marshals Service shall remit to DCS the current past-due child support amounts due and owing to DCS, consistent with the Settlement Agreement at ECF No. 38.

4. This court will retain jurisdiction in the case for the purpose of enforcing or amending this order.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order, furnish copies to counsel, and close this file.

Dated October 15, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE